**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000748
27-MAR-2026
07:59 AM
Dkt. 68 SO**

NO. CAAP-23-0000748

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DWIGHT L. HARRIS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000072)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant Dwight L. Harris (**Harris**) appeals from the Judgment; Conviction and Sentence; Notice of Entry (**Judgment**) entered on November 30, 2023, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On February 14, 2023, Plaintiff-Appellee State of Hawai'i (**State**) charged Harris by Felony Information and Non-Felony Complaint (**Charging Document**) with two counts, as follows: (1) Assault in the Second Degree (**Assault 2**), in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(d);[2] and (2) Terroristic Threatening in the Second Degree (**Terroristic**

---

[1] The Honorable Peter T. Cahill presided.

[2] HRS § 707-711(1)(d) (Supp. 2022) provides, in relevant part:

> **Assault in the second degree.** (1) A person commits the offense of assault in the second degree if the person:
>
> . . . .
>
> (d) Intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

**Threatening 2**), in violation of HRS § 707-717(1).  The charges stemmed from an incident in which Harris allegedly threw rocks at and thereby injured the complaining witness, Enele Scanlan (**Scanlan**).  Following a jury trial, Harris was convicted of the included offense of Assault in the Third Degree (**Assault 3**), in violation of HRS § 707-712(1)(a).[3]

On appeal, Harris contends that "[t]he [Circuit C]ourt plainly erred when it did not require the State to elect between the rock that caused injury to Scanlan's foot and the rock that caused injury to Scanlan's forehead, as the basis for the Assault [2] charge, prior to the close of the State's case-in-chief, and did not give the jury an <u>Arceo</u>[4] unanimity instruction."[5] (Footnote added.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Harris's contention as follows, and affirm.

Addressing Harris's contention requires a brief review of the relevant procedural background.  In Count One of the Charging Document, the State alleged, in relevant part:

> That on or about the 9th day of February, 2023, in the County of Maui, State of Hawaii, . . . HARRIS did intentionally or knowingly cause bodily injury to . . . Scanlan with a dangerous instrument, to wit, a rock, thereby committing the offense of Assault in the Second Degree in

---

[3]   HRS § 707-712(1)(a) (2014) provides, in relevant part:

> **Assault in the third degree**. (1) A person commits the offense of assault in the third degree if the person:
>
> (a)   Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

[4]   <u>State v. Arceo</u>, 84 Hawaiʻi 1, 928 P.2d 843 (1996).

[5]   In his opening brief, Harris also contended that "[t]rial counsel did not provide effective assistance to Harris when he failed to question a juror who was a friend of . . . Scanlan, failed to challenge him for cause, and failed to excuse him with a peremptory challenge."  In response, the State argued that this court should affirm Harris's conviction without prejudice to his seeking relief under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40, so that trial counsel would have an opportunity to explain whether there was a strategic reason for his actions.  In his reply brief, Harris expressly withdrew his point of error relating to ineffective assistance of counsel, "without prejudice to [his] potentially raising that claim in a petition for post-conviction relief under [HRPP] Rule 40 . . . ."  We thus do not address this point of error.

violation of Section 707-711(1)(d) of the Hawaii Revised Statutes.

Jury trial began on October 23, 2023.  In his opening statement, the deputy prosecuting attorney (**DPA**) explained what the evidence would show – that Harris threw a rock that hit Scanlan in the foot and a second rock that hit Scanlan in the forehead.  The State presented evidence supporting these allegations and that both rocks had injured Scanlan.  Both rocks were admitted into evidence.  The State rested.

With respect to the Assault 2 charge, the Circuit Court instructed the jury, in relevant part, as follows:

> In Count One of the Charging Document, . . . Harris is charged with the offense of Assault in the Second Degree.
>
> A person commits the offense of Assault in the Second Degree if he intentionally or knowingly causes bodily injury to another person with a dangerous instrument.
>
> There are three material elements of the offense of Assault in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> These three elements are:
>
> 1.    That on or about February 9, 2023, . . . Harris . . . caused bodily injury to . . . Scanlan; and
>
> 2.    That [Harris] did so with a dangerous instrument; and
>
> 3.    That [Harris] did so intentionally or knowingly.

(Capitalization altered.)  The court also gave the jury related instructions, including Instruction No. 18, which defined "[b]odily injury," "[d]angerous instrument," and "[s]erious bodily injury."

With respect to the included offense of Assault 3, the Circuit Court gave the jury Instruction No. 19, which stated:

> If and only if, you find [Harris] not guilty of Count One, Assault in the Second Degree, or if you are unable to reach a unanimous verdict as to this offense, then you must consider whether [Harris] is guilty or not guilty of the included offense of Assault in the Third Degree.
>
> A person commits the offense of Assault in the Third Degree if he intentionally, knowingly, or recklessly causes bodily injury to another person.
>
> There are two material elements of the offense of Assault in the Third Degree, each of which the prosecution must prove beyond a reasonable doubt.

These three [sic] elements are:

    1.    That on or about February 9, 2023, . . . Harris caused bodily injury to . . . Scanlan; and

    2.    That [Harris] did so intentionally, knowingly, or recklessly.

In its closing argument, the State explained:

So the only issue really in Count One is, was this a dangerous instrument?  And this is in evidence.  This is the coral rock.  So remember the testimony was the blackish-colored rock -- and if you pick that one up, it's really heavy.  That's the one that hit him on his foot.  That's not the  basis of Count One.  That's not even charged.  Okay?  That was just a scenario that happened.  But that particular throw is not actually a charge.

    The charge is this:  The coral rock -- when Mr. Scanlan is standing in the middle of the street and [Harris] throws this rock. . . .

    So in the manner that coral rock was used by [Harris]'s hauling back and throwing it, what appeared to be with all his might, and striking Mr. Scanlan in the head, created a -- was a dangerous instrument because it could have caused serious bodily injury to -- bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of function of any bodily member or organ.

Following the State's closing, the court gave the jury final instructions, including Instruction No. 26, which stated in part:  "You must not reveal to the court or any other person how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and it has been received by the court."

During its deliberations, the jury had two communications with the court that are relevant to this appeal.  First, the jury asked, "What happens if we cannot reach a unanimous decision?"  After conferring with the parties' counsel, the court answered, "Please reread Jury Instruction #3."  The last paragraph of that instruction stated in part, "Both the prosecution and the defendant have a right to demand, and they do demand and expect, that you will carefully and impartially consider and weigh all of the evidence and follow these instructions, and that you will reach a just verdict."  Second, the jury asked a series of three questions:  (1) "Is the foot injury included in the assault?" (2) "Is this foot injury part of bodily injury in instruction 19?" and (3) "Is all the rock throwing included in the assault charge?"  With the parties'

agreement, the court answered each question, "No."

The jury later returned its verdict, finding Harris not guilty of Assault 2 and Terroristic Threatening 2, and guilty of Assault 3.

On appeal, Harris contends that the State, after presenting evidence that Harris threw two rocks at Scanlan, failed to timely elect the instance of rock throwing that was the basis for the Assault 2 charge. Harris argues that this failure, combined with the Circuit Court's failure to give the jury an Arceo unanimity instruction, violated his right to a unanimous jury verdict.

"When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013) (quoting Arceo, 84 Hawaiʻi at 11, 928 P.2d at 853). "[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt." State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006).

In Arceo, the Hawaiʻi Supreme Court ruled:

> [W]hen separate and distinct culpable acts are subsumed within a single count . . .[,] any one of which could support a conviction thereunder[, ]and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, *i.e.*, an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

84 Hawaiʻi at 32–33, 928 P.2d at 874–75.

Here, the State did not elect the specific act that was the basis for the Assault 2 charge at or before the close of its case-in-chief, and the Circuit Court did not provide a specific

unanimity instruction.  The State argues, however, that the State made an <u>effective</u> election in its closing argument, when the DPA made clear that Harris's throwing the rock at Scanlan's head was the basis for the alleged assault.

It is true that during trial the prosecution can develop the facts so as to effectively make an election regarding the specific conduct that is the basis for the charged offense.  <u>See, e.g.,</u> <u>State v. Gomes</u>, 93 Hawaiʻi 13, 21, 995 P.2d 314, 322 (2000) (holding that the State effectively elected one of two events that could be deemed "separate and distinct culpable acts" to establish assault, where substantial bodily injury was discussed only in reference to one event); <u>State v. Maumalanga</u>, 90 Hawaiʻi 58, 64, 976 P.2d 372, 378 (1998) (holding that the prosecution effectively made an election where it made no effort to develop facts necessary to establish the relevant charge with regard to one of two distinct culpable acts).  However, absent this kind of development, "the prosecution's closing argument, without more, cannot take the place of a specific unanimity instruction"; after all, "[a]rguments by counsel are likely to be viewed as statements of advocacy, whereas a jury instruction is a definitive and binding statement of the law."  <u>State v. Kassebeer</u>, 118 Hawaiʻi 493, 509-10, 193 P.3d 409, 425-26 (2008).

Here, the evidence developed by the State at trial pointed to two distinct acts by Harris that could serve as the basis for the alleged assault.  The State's effective election in closing argument was therefore insufficient by itself to satisfy <u>Arceo</u>'s mandate.  The State contends, however, that the DPA's closing argument should not be considered in isolation.  Indeed, that was not the end of the matter.  In answering the jury's later questions, the Circuit Court specifically told the jury that (1) the foot injury was not included in the assault charge, (2) the foot injury was not part of the bodily injury referenced in the Assault 3 instruction, and (3) all of the rock throwing was not included in the assault charge.  These answers were "the functional equivalent of an instruction" that removed the rock thrown at Scanlan's foot from the jury's consideration.  <u>State v. Haili</u>, 103 Hawaiʻi 89, 101, 79 P.3d 1263, 1275 (2003) ("The

6

circuit court's response to a jury communication is the functional equivalent of an instruction." (quoting State v. Uyesugi, 100 Hawaiʻi 442, 458, 60 P.3d 843, 859 (2002)) (brackets omitted)).  Combined with the court's earlier instruction that the jury had to reach a unanimous verdict, its members were sufficiently advised that they all had to agree that the only culpable act available for their consideration — throwing the rock at Scanlan's head — had been proved beyond a reasonable doubt.  See State v. Haanio, 94 Hawaiʻi 405, 415, 16 P.3d 246, 256 (2001) ("[J]urors are presumed to follow the court's instructions[.]").  The Circuit Court did not err in this regard.[6/]

For the reasons discussed above, the Judgment is affirmed.  We affirm without prejudice to a subsequent HRPP Rule 40 petition raising the ineffective assistance of counsel claim identified in footnote 5 of this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, March 27, 2026.


On the briefs:

William K. Li
for Defendant-Appellant.

Chad M. Kumagai,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[6/]    In any event, there is no reasonable possibility in these circumstances that any of the jurors found Harris guilty of Assault 3 based on his throwing a rock at Scanlan's foot.  See Nichols, 111 Hawaiʻi at 337, 141 P.3d at 984.